**IN THE UNITED STATES DISTRICT COURT FOR NORTHERN MISSISSIPPI
ABERDEEN DIVISION**

**LAURA ASHLEY EAGAN**                                                                **PLAINTIFF**

**VS.**                                         **CIVIL CAUSE NO.:** 1:21cv149-NBB-DAS

**VIBRANT CHURCH; and,**
**XYZ CORPORATION; and,**
**JASON DELGADO, in his official and individual capacity; and,**
**RONALD D. DELGADO, in his official and individual capacity; and,**
**MIRIAM K. DELGADO, in her official and individual capacity; and,**
**DEANO RIZZO, individually; and,**
**JOHN DOES 1-25**                                                               **DEFENDANTS**

---

**COMPLAINT AND REQUEST FOR DAMAGES**

---

**<u>JURY TRIAL DEMANDED</u>**

COMES NOW THE PLAINTIFF, by and through undersigned counsel, and would

submit the following COMPLAINT AND REQUEST FOR DAMAGES.  In support of said

Complaint, Plaintiff would submit the following unto the Court, to-wit:

1.      Plaintiff is an adult resident of the State of Mississippi, currently residing in

Lowndes County, Mississippi.

2.      Defendant Vibrant Church is a Non-profit Corporation, organized under the laws

of the State of Mississippi.  It may be served through its registered agent at the following:

W DAVID DUNN
815 2ND AVENUE N
COLUMBUS,  MS 39701

3.      Defendant Jason Delgado is an adult resident citizen of the State of Mississippi.

He may be served with process at the following location:

1810 Seminole Drive
Columbus, MS 39705

4.      Defendants Ronald D. Delgado and Miriam K. Delgado are both adult resident citizens of the Lowndes County, Mississippi.  They may be served with process at their home address at the following:

> 168 Thurston Lake Road
> Columbus, MS 39701

5.      Defendant Deano Rizzo is an adult resident citizen of Jefferson or Shelby County, Alabama.  He may be served with process at his home address at the following:

> 825 Crown Cir,
> Hoover, AL 35242

Alternatively, he may be served at his place of work at the following:

> Church of the Highlands
> ARC
> 1201 Lee Branch Ln
> Birmingham, AL 35242

6.      Defendant XYX Corporation is an unknown Entity Defendant at this time, but relates to the matter *sub judice*, and will be named through the course of this litigation.

7.      Defendants John Does 1-25 are unknown individuals at this time, but relate to the matter *sub judice*, and will be named through the course of this litigation.

8.      Jurisdiction is proper, as it involves a Federal Question under 28 U.S.C. 1331, including but not limited to the Civil Rights Act of 1964 and Civil Rights Act of 1991 (42 U.S.C. § 2000e-2, *et. Seq*.).  Additionally, any and all other claims are proper under 28 U.S.C. 1367 as supplemental jurisdiction because all other claims that are so related to claims in the action within the original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

9.      Venue is proper in this District and Division as the acts and occurrences alleged were and are performed in Lowndes County, Mississippi.

***Facts and Background***

10.     On or about February of 2020, Plaintiff began counseling with Ron Delgado and Vibrant Cares regarding her marital relationship.  This counseling continued throughout the year of 2020.  At all times, Plaintiff expected Mr. Delgado to keep all items of discussion confidential.

11.     In the Fall of 2020, Plaintiff started interning for the Defendant in the Fall of 2020.  Subsequently, Plaintiff located her children to the Church so she could spend more time at the Church for her internship.  All of Plaintiff's friends, business contacts, and community were located at the Church.  In essence, Plaintiff put her whole life in the hands of the Church.

12.     On or around December 2020, Plaintiff met with her supervisor, Ms. Laurel Jones.  Ms. Jones informed Mrs. Eagan's performance was not meeting expectations.  Although Ms. Jones did not have any documentation to evidence the slightest lack of performance, Ms. Jones stated Mrs. Eagan was "too sexy" to be an intern as justification.

13.     Shortly after said meeting, Plaintiff was contacted by the junior pastor regarding this meeting and was informed not all Church staff felt the way Ms. Jones did.  In fact, Plaintiff was referred to Jason Delgado, the Senior Pastor, for assistance and further "mentoring" during her internship.

14.     Shortly thereafter, Mr. Jason Delgado began contacting Plaintiff through various electronic means.  These communications began at inappropriate times but were initially believed by the Plaintiff as benign in nature.  Mr. Jason Delgado began to reveal he received information from his father, Ron Delgado, regarding Plaintiff's counseling sessions.  Mr. Ron Delgado betrayed the confidence of Plaintiff by revealing the contents of her discussions with him.

15.     From this point forward, the communication spiraled downward from Mr. Jason Delgado. Initial communication turned into suggestive comments, and then devolved into disgusting, graphic communications of a sexual nature.  Mr. Delgado even admitted to performing this sort of activity in the past, stating he had sexual relationships with other women than his wife.

16.     Plaintiff had nowhere to turn to address the harassment of Mr. Jason Delgado. She could not go to Mr. Ron Delgado, because he already betrayed her confidence.  She could not go to the Human resources "department," because Mrs. Delgado (the "HR department") was Jason Delgado's mother.

17.     Mr. Jason Delgado groomed this situation to prey upon Plaintiff.  In essence, it was a "set up."  Mr. Jason Delgado used his position of confidence, and his knowledge of Mrs. Eagan's situation to fulfill his sexual perversions.  At best, this is a deliberate manipulation of those in need to fulfill unnatural, sexual fantasies.  At worst, this is a calculated sexual predator, with his free pick of vulnerable victims.

18.     Mr. Ron Delgado and various church employees have been made aware of the situation, including but not limited to Pastor Mike Stephens, Ron and Jason Delgado, Stacy Peterson, and Deano Rizzo .  All of these electronic communications have been provided to numerous members of the Church and other organizations.  Additionally, it is believed some of these people have signed non-disclosure agreements.

19.     The ultimate piece of irony in this matter is the involvement of Deano Rizzo. Deano Rizzo, who has been accused of his own sexual improprieties during his time at the Healing Place in Baton Rouge was tasked with investigating this matter.  He is the "overseer" of the Defendant, the scope of which is unknown to the vast majority of the congregation, much like

everything involved with the Defendant (including finances).

20.     Defendants have been made aware of the harassing behavior of Mr. Jason Delgado on a number of occasions, dating as far back as 2016.  Mr. Ron Delgado is intimately familiar with the behavior of his son and has encouraged victims of his son to remain silent and "not ruin his son."  Mrs. Delgado has contributed to her son's predation by providing no check on his behavior.  If the Defendant would have simply put something (or really anything) in place to prevent sexual harassment, none of this would have happened.

### COUNT ONE: Discrimination and Harassment

21.     Plaintiff realleges and incorporates by reference each allegation contained in Paragraphs 1 through 20 of this complaint, and by reference repleads and incorporates them as though fully set forth here.

22.     On April 2021, Plaintiff filed a verified complaint with Equal Employment Opportunity Commission ("EEOC")  alleging that Defendant had committed an unlawful employment practice against plaintiff in violation of Title VII of the Civil Rights Acts within the preceding year.

23.     On July 20, 2021, the EEOC issued plaintiff a right-to-sue letter informing plaintiff of the right to file suit against defendant within period of ninety (90) days. A copy of this letter is attached and incorporated by reference as Exhibit "A."

24.     As stated and incorporated in the facts, Plainitiff was subject to various on-the-job forms of sexual harassment, including verbal propositions and physical contact, by several of one of the Defendant's employees, who happened to be THE leader of the Church, but on information and belief the Plaintiff alleges that male employees were not subjected to such harassment.

Defendant condoned and ratified this misconduct and took no action to stop it, although respondent was aware of such misconduct through several complaints against Jason Delgado in the past.

25.     Plaintiff began working for corporate defendant in the position of intern. At all times relevant to this suit, plaintiff was acting in the scope of plaintiff's employment for defendant corporation.

26.     Defendant Jason Delgado continuously and consistently made sexual comments and remarks both to and about plaintiff, and otherwise created a hostile working environment for plaintiff because of plaintiff's gender. The environment became so severe that plaintiff was forced to leave her internship for her own protection from the entire Delgado family.

27.     Plaintiff made individual defendant aware that she did not approve of his conduct, but individual defendant continued to act in the same manner. Some examples of the conduct which created the hostile work environment are described above. The Corporate Defendant took no action against Mr. Jason Delgado from 2016 forwarded, incubating this behavior, if not explicitly condoning it.

28.     The facts previously set out give rise to a cause of action for discrimination as set forth in Federal Law. it is unlawful for an employer to discriminate against an employee on the basis of gender, or to otherwise create a hostile work environment for women.

29.     Defendants, both the Corporations and individuals styled in this matter, discriminated against plaintiff by creating and allowing a hostile work environment because of plaintiff's gender. Corporate defendant knew or reasonably should have known of Jason Delgado's conduct.

30.     Plaintiff has been injured because of this discrimination for which plaintiff seeks relief.

## COUNT II: Intentional Infliction of Emotional Distress

31.     Plaintiff realleges and incorporates by reference each allegation contained in Paragraphs 1 through 30 of this complaint, and by reference repleads and incorporates them as though fully set forth here.

32.     Defendant, in committing the above-described acts, intended to and did inflict severe emotional distress upon plaintiff. Defendant acted with a reckless disregard of the probability of causing emotional distress to Plaintiff.

33.     As a direct result of the outrageous acts and omissions, conduct, and discrimination, plaintiff became physically distraught and sustained shock to her nervous system and suffered severe emotional distress, all resulting in damages to her in excess of the jurisdictional limit of this Court.

## COUNT III: Fraud, Deceit, and Misrepresentation

34.     Plaintiff realleges and incorporates by reference each allegation contained in Paragraphs 1 through 33, and by reference repleads and incorporates them as though fully set forth here.

35.     Defendants made material misrepresentation of the fact that plaintiff be judged on the basis of merit and ability, and that plaintiff would be given an opportunity to interview and be evaluated for all the positions opening up in the entirety of the organization

36.     Defendant concealed facts from plaintiff which defendant had an affirmative duty to disclose to the effect that defendant would not provide plaintiff with an opportunity to be evaluated on a nondiscriminatory basis for transfer or promotion.

37.     Defendant held itself out as being situated so that plaintiff would reasonably rely on defendant. Defendant made the material misrepresentations and concealed facts with the

knowledge of the falsity of the representations made, with the intent to induce plaintiff to rely on such representations. As a consequence, plaintiff reasonably relied on the fraudulent and material misrepresentations.

38.     As a result of defendant's fraud, deceit, and misrepresentations as set forth above, plaintiff has suffered and will suffer damages in excess of the jurisdictional requirements of this court. Plaintiff requests leave to amend this complaint on learning the extent of the damages.

39.     Defendant's fraudulent actions towards plaintiff were willful and intentional, and were made with the intent to vex, annoy, oppress, and injure plaintiff, and therefore plaintiff is entitled to punitive damages.

## COUNT IV: Negligent Hiring, Training and Supervision

40.     Plaintiff realleges and incorporates by reference each allegation contained in Paragraphs 1 through 39, and by reference repleads and incorporates them as though fully set forth here.

41.     Defendants owed Plaintiff a duty as employers to adequately investigate employees prior to hiring, to properly train employees, and to adequately supervise their employees in the performance of their jobs.

42.     Defendants breached that duty of care by failing to adequately investigate the background of Defendants by failing to properly train Defendants, and by failing to adequately supervise Defendants in the performance of their jobs.

43.     Defendants' failure to hire only qualified employees, properly train and/or supervise those employees proximately caused injuries to Plaintiff and not only cause the damages by the Defendant, but actually emboldened the Defendant to perpetrate multiple, unlawful acts.

44.     As a direct and proximate result of the negligent hiring, training, and supervision of employees of Defendants, Plaintiff has suffered damages in an amount in excess of the jurisdictional minimum of this Court.

## COUNT FIVE: Negligence Per Se

45.     Plaintiff realleges and incorporates by reference each allegation contained in Paragraphs 1 through 44, and by reference repleads and incorporates them as though fully set forth here.

46.     The facts set out previously give rise to a cause of action for negligence per se because corporate defendant allowed this hostile work environment to exist. Individual defendant's conduct was so palpably contrary to the dictates of common prudence that it can be stated without hesitation or doubt that no careful company would have allowed such conduct to occur. Plaintiff has been thus, harmed by this conduct.

## PRAYER AND REQUEST FOR DAMAGES

WHEREFORE PREMISES CONSIDERED, Plaintiff respectfully request and prays the Court find for the Plaintiff and against the Defendant, and award the following:

1.  Actual damages in an amount to be shown by strict proof and determined by a North Mississippi jury; and,

2.  Compensatory damages and/or actual damages awarded for the purpose of making the plaintiff whole again insofar as a money verdict can accomplish that purpose, and determined by a North Mississippi jury; and,

3.  Pain, Suffering, mental anguish, loss of enjoyment, and any and all other damages as awarded by a North Mississippi jury; and,

4.  Attorney Fees; Pre and Post Judgment Interest; and,

5. Punitive Damages. The conduct of individual defendant described in this complaint was willful and malicious so as to entitle the plaintiff to recover exemplary damages to punish defendants and to deter such conduct in the future. Accordingly, plaintiff asks that exemplary damages be awarded against defendants in an amount greatly exceeding the minimum jurisdictional limits of this court.

6. Any further relief the Court deems necessary and proper, whether legal or equitable.

Respectfully Submitted

/s/Courtney B. "Corky" Smith
Attorney for the Plaintiff
Sims and Sims, LLC
MSB# 103855
csmith@simsandsimsllc.com

OF COUNSEL:
Sims & Sims, LLC
809 Third Avenue North (39701)
P.O. Box 648
Columbus, MS 39703
PH: 662-328-2711
FX: 662-328-0745