IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

LAURA ASHLEY EAGAN                                                          PLAINTIFF

V.                                              CIVIL ACTION NO. 1:21-cv-149-NBB-DAS

VIBRANT CHURCH,
XYZ CORPORATION,
JASON DELGADO, RONALD D.
DELGADO, MIRIAM K. DELGADO,
DEANO RIZZO, AND JOHN DOES 1-25                                            DEFENDANTS

## MEMORANDUM OPINION

Presently before the court are the motions to dismiss filed by each of the named

defendants in this case.  Upon due consideration of the motions, responses, allegations set forth

in the complaint, and applicable authority, the court is ready to rule.

Factual Background and Procedural Posture

This action is based on the plaintiff Laura Ashley Eagan's allegation that former lead

pastor of defendant Vibrant Church in Columbus, Mississippi, defendant Jason Delgado,

sexually harassed her during her participation in an unpaid and voluntary internship program at

Vibrant Church.  Defendants Ronald Delgado and Miriam Delgado are Jason Delgado's parents.

Ronald Delgado was the plaintiff's former counselor at the church with whom she discussed her

marital difficulties until he referred her for counseling with his son, Jason, at which point,

according to the plaintiff, the alleged harassment began.  Miriam Delgado was the human

resources manager at the church.  The plaintiff alleges that the defendants, including church

employee Deano Rizzo, were made aware of Jason Delgado's harassment on other occasions, but

they took no actions against him for his alleged behavior, instead encouraging other alleged

victims to remain silent.

The plaintiff's complaint alleges causes of action for sexual harassment under Title VII and the state law claims of intentional infliction of emotional distress, fraud, negligent hiring, training, and supervision, and negligence per se.

## Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.,* 565 F.3d 228, 232-33 (5th Cir. 2009). The court is not bound, however, to accept as true legal conclusions couched as factual allegations. *Iqbal,* 556 U.S. at 678.

A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true. *Id.* It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Twombly,* 550 U.S. at 555. In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand,* 565 F.3d at 255-57. If there are insufficient factual allegations to raise a right to relief above the speculative level or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed. *Twombly,* 550 U.S. at 555;

2

*Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 & n.9 (5th Cir. 2007).

Analysis

Because it is the only claim that confers federal jurisdiction in this case, the court first examines the plaintiff's Title VII claim for harassment. Title VII makes it illegal "for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's … sex." 42 U.S.C. § 2000e-2(a)(1). Included within this prohibition is sexual harassment that takes the form of a tangible employment action or the creation of a hostile or abusive working environment. *Lauderdale v. Tex. Dep't of Criminal Justice, Institutional Div.*, 512 F.3d 157, 162 (5th Cir. 2007). The plaintiff here alleges that Jason Delgado's sexual harassment toward her created a hostile work environment.

An "employer" subject to liability under Title VII must have at least fifteen employees "for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e(b). An "employee" as defined by Title VII is "an individual employed by an employer." 42 U.S.C. § 2000e(f). The Supreme Court has noted that this definition "is completely circular and explains nothing." *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 323 (1992). "[W]hen Congress has used the term 'employee' without defining it, [the Court] has concluded that Congress intended to describe the conventional master-servant relationship as understood by common-law agency doctrine." *Arbaugh v. Y&H Corp.*, 380 F.3d 219, 226 (5th Cir. 2004), *rev'd on other grounds by* 546 U.S. 500. The Fifth Circuit has noted that while this approach is appropriate when determining whether, under a particular statute, a party is an employee or an independent contractor, the test for volunteers requires a more

nuanced approach. *Juino v. Livingston Parish Fire Dist. No. 5*, 717 F.3d 431, 435 (5th Cir. 2013) (citing *O'Connor v. Davis*, 126 F.3d 112, 115 (2d Cir. 1997)). Following the lead of the Second Circuit in *O'Connor*, the Fifth Circuit found that courts should use the common law agency test "only in situations that plausibly approximate an employment relationship." *Id.* at 436 (quoting *O'Connor*, 126 F.3d at 115). "Where no financial benefit is obtained by the purported employee from the employer, no 'plausible' employment relationship of any sort can be said to exist because … 'compensation … is an essential condition to the existence of an employer-employee relationship.'" *Id.* at 436-37 (quoting *O'Connor*, 126 F.3d at 115-16 (quoting *Graves v. Women's Pro. Rodeo Ass'n, Inc.*, 907 F.2d 71, 73 (8th Cir. 1990)). Because the plaintiff in *O'Connor* did not receive remuneration in the form of salary, wages, health insurance benefits, vacation leave, or sick pay, the Second Circuit determined that she was not an "employee" under Title VII. *Juino*, 717 F.3d at 437 (citing *O'Connor*, 126 F.3d at 116).

After additional analysis of the approaches taken by various circuits, the Fifth Circuit explicitly accepted the Second Circuit's rationale and adopted the "threshold-remuneration test." *Juino*, 717 F.3d at 439. The court added, "Like the majority of our sister circuits, we will turn to common-law principles to analyze the character of an economic relationship only in situations that plausibly approximate an employment relationship." *Id.* The threshold-remuneration test involves a two-step inquiry requiring a volunteer or intern *first* to show remuneration as a threshold matter before the court is required to move to the second step, which involves the common law agency test. *Id.* If no remuneration is provided, the inquiry ends there. The court supported this position with the logic "that a volunteer is distinguishable from the employee-independent contractor situation because there is a prerequisite of a 'hire' in the latter." *Id.* "This point is further borne out by the fact that a volunteer is generally not an 'employee,' and

4

thus no 'hire' has occurred since there is no receipt of remuneration supporting an employer-employee relationship." *Id.*

The court noted that "remuneration need not be salary but must consist of 'substantial benefits not merely incidental to the activity performed.'" *Id.* at 440 (quoting *United States v. City of New York*, 359 F.3d 83, 92 (2d Cir. 2004)). Thus, despite the fact that the plaintiff in *Juino*, a volunteer firefighter, received a small amount of monetary compensation for responding to calls and received a life insurance policy, a uniform and badge, and emergency/first responders training, the court determined that these benefits were "purely incidental to her volunteer service with District 5." *Id.* at 439-40. The court then found that the plaintiff was not an "employee" within the meaning of Title VII. *Id.* at 440.

Turning to the complaint in the present case, the court finds no allegation that the plaintiff here is an employee within the meaning of Title VII. She repeatedly refers to her role with Vibrant Church as an "intern" and to the program as an "internship." It is uncontested at this point that her internship was voluntary and unpaid. She therefore cannot satisfy the first prong of the Fifth Circuit's threshold-remuneration test because she makes no assertion that she received remuneration in any form from the defendants. To maintain a Title VII claim, obviously the plaintiff must be an "employee" within the meaning of Title VII. Such status is essential to the plaintiff's Title VII claim, and yet her complaint is silent on the issue. Further, she has offered no argument in her responsive briefing to the present motions disputing that she was a voluntary unpaid intern, though she could have easily done so. She could have also moved the court to allow her to amend her complaint, though the court is unpersuaded that the complaint in this action could be saved by any amendment, and such a motion would therefore likely be denied on that ground. The plaintiff's failure to take either of the aforementioned

actions could be interpreted as an indication of her awareness that she cannot support a finding that she was a Title VII employee. Her only responsive attempt to remedy this shortcoming is to vaguely argue that she should be entitled to discovery to "flesh out" these and other matters. What the plaintiff proposes is no more than a fishing expedition into discovery without a reasonable basis that she is entitled to such an approach.[1] The court "cannot allow [a plaintiff] to embark on an unjustified fishing expedition against [a defendant] to discover facts that might have justified proceeding beyond the Rule 12(b)(6) stage if they had been alleged at the outset." *Clark v. Thompson*, 850 F. App'x 203, 213 (5th Cir. 2021). Filing a complaint "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

This court cannot draw the reasonable inference that the defendants are liable for the misconduct alleged when the plaintiff has failed to assert a requisite element of her Title VII claim – that she is an "employee" within the meaning of the statute. While a complaint facing a Rule 12(b)(6) challenge "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the element of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). "[A] complaint … must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id.* at 562. Because the plaintiff has set forth no allegations that she was a Title

---

[1] Further, the plaintiff seeks discovery in support of her assertion that she is a Title VII employee based on the incorrect test. She mistakenly argues that the Fifth Circuit standard for determining her status as an employee is the employer's "right to control" the alleged employee as set forth in *Schweiter v. Advanced Telemarketing Corp.*, 104 F.3d 761 (5th Cir. 1997). As this court addressed above, the Fifth Circuit has explicitly adopted the "threshold-remuneration test" in the context of Title VII employment analysis for voluntary interns. *Juino*, 717 F.3d at 439. Thus, even if the court were to allow the plaintiff to engage in a discovery fishing expedition, she has revealed that she would be fishing in the wrong pond.

VII employee as a voluntary unpaid intern at Vibrant Church, she has failed to meet the 12(b)(6) standard. In other words, it is apparent from the face of the complaint that there is an insuperable bar to relief in this case. *Twombly,* 550 U.S. at 555. Accordingly, the plaintiff's Title VII claim must be dismissed.

The plaintiff's lack of Title VII "employee" status is dispositive of the only federal claim in this matter, but the court also notes that the individual defendants do not fit the definition of "employer" under Title VII, and the Title VII claims would be dismissed against them regardless of the plaintiff's employee status. Defendant Vibrant Church apparently does meet the qualifications of Title VII employer, as it makes no argument to the contrary. The plaintiff's lack of Title VII employee status, however, being dispositive of the Title VII claim as a whole, requires dismissal of the Title VII claim against that defendant as well.

Having dismissed the only claim bestowing federal question jurisdiction on the court, the court declines to exercise supplemental jurisdiction over the plaintiff's state law claims, and they will be dismissed without prejudice. The court does note that its cursory review of the plaintiff's state law claims indicates that at least some may be viable and could potentially survive 12(b)(6) review. The plaintiff should therefore consider asserting those claims in state court.

<u>Conclusion</u>

In accordance with the foregoing analysis, the court finds that the defendants' motions to dismiss are well taken and should be granted. The plaintiff's Title VII claim will be dismissed

with prejudice, and the plaintiff's state law claims will be dismissed without prejudice. A separate order in accordance with this opinion will issue this day.

This 20th day of September, 2022.

/s/ Neal Biggers

NEAL B. BIGGERS, JR.
UNITED STATES DISTRICT JUDGE